IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                     No.  12-30330-DRH

DEMARIO MALONE,

        Defendant.

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### Introduction and Background

Now before the Court is defendant's first motion to suppress statements (Doc. 50).  Malone moves to suppress all evidence of statements made by him to law enforcement authorities, because law enforcement elicited these statements in violation of his rights under the Fifth and Fourth Amendments of the United States Constitution.  His motion merely states, without any factual allegations or any case law to support his position, that defendant was not presented before a magistrate "without unnecessary delay;" that defendant's statements were obtained prior to presentation before a magistrate; and that the statements derived from an arrest effected in the absence of a warrant or probable cause to arrest.  The government opposes the motion (Doc. 60).  Based on the following,

the Court denies the motion.

On December 11, 2012, the grand jury returned a two-count indictment against Gilbert Manning, Terrez Shields and Demario Malone (Doc. 1). Count 1 is against all three defendants and charges them with conspiracy to distribute, and possess with intent to distribute, marijuana and Count 2 is against Malone for possession of a firearm in furtherance of a drug trafficking crime: conspiracy to distribute, and possess with the intent to distribute, marijuana.

On March 20, 2013, Malone filed a first motion to suppress statements (Doc. 50). On April 4, 2013, the government filed its opposition (Doc. 60). As the motion is ripe, the Court turns to address the merits of the motion.

## Analysis

A defendant who seeks to suppress evidence bears the burden of making a *prima facie* showing of illegality. *United States v. Randle,* 966 F.2d 1209, 1212 (7th Cir. 1992). The Court need not schedule a hearing on the basis of a motion which fails to allege a *prima facie* showing of illegality and which relies, at best, on vague, conclusory allegations. *Id.* at 1212; *United States v. Rollins,* 862 F.2d 1282, 1291 (7th Cir.1988). A defendant must present "definite, specific, detailed, and nonconjectural" facts that justify relief before a district court will even grant a suppression hearing. *Randle,* 966 F.2d at 1212; *see e.g., United States v. Villegas,* 388 F.3d 317, 324 (7th Cir.2004); *United States v. Felix–Felix,* 275 F.3d 627, 633 (7th Cir. 2001) (stating defendant's "burden to establish the

necessity of a hearing by demonstrating that there was a disputed material issue of fact justifying relief").

It is a well-established rule that "the burden is on the movant to make specific factual allegations of illegality, to produce evidence and persuade the court that the evidence should be suppressed." *United States v. Evans,* 572 F.2d 455, 486 (5th Cir.), cert. denied, 439 U.S. 870 (1978). It is only once the defendant establishes a basis for his motion to suppress that the burden shifts to the government to prove by a preponderance of the evidence the statement was given voluntarily. *United States v. Williams,* 604 F.2d 1102, 1125 (8th Cir.1979). Voluntariness is "a question of fact to be determined from the totality of the circumstances." *Schneckloth v. Bustamonte,* 412 U.S. 218, 227, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

As stated previously, Malone merely contends that he was not presented before a magistrate "without unnecessary delay;" that his statements were obtained prior to presentation before a magistrate and that the statements derived from an arrest effected in the absence of a warrant or probable cause. The government opposes the motion. Clearly, Malone has not made the necessary *prima facie* showing of illegality. In fact, Malone's motion is bare bones, vague and conclusory to warrant relief or a hearing as it alleges no facts and contains no supporting case law. Despite these major deficiencies, the government has responded and established that his arrest was made with probable cause and

thus, his statements, properly obtained. Based on the record, the Court agrees with the government.

**<u>Probable Cause</u>**

Probable cause exists if "at the time of the arrest, the facts and circumstances within the officers' knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Gonzalez v. City of Elgin,* 578 F.3d 526, 537 (7th Cir. 2009). The existence of probable cause does not depend on the truth of a complaint of wrongdoing. *Mustafa v. City of Chicago,* 442 F.3d 544, 548 (7th Cir. 2006) (citing *Woods v. City of Chicago,* 234 F.3d 979, 987 (7th Cir. 2000)). So long as an officer reasonably believes the putative victim of or eyewitness to a crime is telling the truth, he may rely on the information provided to him by such persons in deciding to make an arrest, without having to conduct an independent investigation into their accounts. *See, e.g., Holmes v. Vill. of Hoffman Estates,* 511 F.3d 673, 680 (7th Cir. 2007); *Askew v. City of Chicago,* 440 F.3d 894, 895–96 (7th Cir. 2006); *Gramenos v. Jewel Cos.,* 797 F.2d 432, 439 (7th Cir. 1986). This is so even when the suspect denies an accusation of wrongdoing. *See, e.g., Reynolds v. Jamison,* 488 F.3d 756, 762 (7th Cir. 2007). When presented with a credible report of criminal behavior, an officer "'[is] under no constitutional obligation to exclude all suggestions that the witness or victim is not telling the

truth.'" *Id.* (quoting *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 743 (7th Cir. 2003)).

For the purposes of this motion, the Court accepts the government's version of facts as true, as defendant did not submit facts in his motion and he did not refute the government's version. Thus, there is no need to recite the facts here. The gist of the government's facts is as follows: The Drug Enforcement Agency ("DEA") was investigating co-defendant Manning's marijuana trafficking from 2011 to 2012. The DEA, through two confidential informants, received reliable information that Malone was involved in Manning's marijuana trafficking including, *inter alia*, using Malone's house as a stash house. Based on the undisputed facts and the totality of the circumstances, the Court finds that the DEA had probable cause to arrest Malone for his involvement in the marijuana trafficking.

**<u>Unnecessary Delay</u>**

"The common-law rule of 'prompt presentment' required a law-enforcement officer to take an arrested person before a magistrate 'as soon as he reasonably could.'" *United States v. McDowell*, 687 F.3d 904, 908 (7th Cir. 2012)(quoting *Corley v. United States*, 556 U.S. 303, 306, 129 S.Ct. 1558 (2009)). This requirement is codified at Rule 5(a) of the Federal Rules of Criminal Procedure, which provides that "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge … unless a statute provides otherwise." 18 U.S.C. 3501(c) provides:

[A] confession made or given by a person … while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a magistrate judge … if such confession is found by the trial judge to have been made voluntarily … and if such confession was made or given by such person within six hours immediately following his arrest or other detention: *Provided,* That the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate judge … beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate judge....

18 U.S.C. § 3501(c). Thus, "[s]ubsection (c) thus provides a six-hour "safe harbor" for confessions given before presentment: A confession given within six hours of arrest is admissible notwithstanding a delay in presentment if the judge finds it was voluntary. A confession given *outside* the six-hour period is also admissible under § 3501(c) if the court finds the confession was voluntary *and* the delay in presentment was reasonable." *McDowell*, 687 F.3d at 909. In *McDowell*, the Seventh Circuit reiterated the legal standards contained in Rule 5(a), § 3501(c), as follows:

Rule 5(a) of the Federal Rules of Criminal Procedure requires that a person arrested on a federal charge be presented to a magistrate judge "without unnecessary delay." Even given a delay in presentment, however, a voluntary confession made within six hours of arrest remains admissible. 18 U.S.C. § 3501(c). On the other hand, a voluntary confession made after the six-hour safe-harbor period may be inadmissible as a Rule 5(a) violation and pursuant to *McNabb v. United States,* 318 U.S. 332, 344–47, 63 S.Ct. 608, 87 L.Ed. 819 (1943), and *Mallory v. United States,* 354 U.S. 449, 455–56, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). *Corley v. United States,* 556 U.S. 303, 129 S.Ct. 1558, 1571, 173 L.Ed.2d 443 (2009) (holding that § 3501 did not supplant *McNabb–Mallory* and that "[i]f the confession occurred before presentment and beyond six hours, … the court must decide whether delaying that long was unreasonable or unnecessary under the *McNabb–Mallory* cases").

*Id.* (quoting *United States v. Kirkland,* 567 F.3d 316, 320 (7th Cir. 2009)).

On March 30, 2012, Malone was stopped and placed in custody at or around 11:15 a.m. He was taken to the DEA office and around 2:27 p.m. he was given his *Miranda* rights. Thereafter, he proceeded to give a voluntary statement to law enforcement. After giving the statement, he was released from custody pending further investigation. The voluntary statement was given approximately 3 hours and 15 minutes after he was detained. Clearly, his statement was given within six-hour safe-harbor provision. Pursuant to Rule 5(a) and 18 U.S.C. 3501(c), his statement is admissible.

## Conclusion

Accordingly, the Court **DENIES** the first motion to suppress statements (Doc. 50).

**IT IS SO ORDERED.**

Signed this 17th day of April, 2013.

Digitally signed by David R. Herndon
Date: 2013.04.17 14:54:09 -05'00'

**Chief Judge**
**United States District Court**