IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                  No.  12-30330-DRH

DEMARIO MALONE,

        Defendant.

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Now before the Court is defendant Malone's first motion for disclosure of confidential informants, informers and cooperating individuals (Doc. 43). The government opposes the motion (Doc. 60). The Court finds that disclosure is not warranted and denies the motion.

As a preliminary matter, the Court notes that there is no general constitutional right to discovery in a criminal case. *Weatherford v. Bursey,* 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977); *see Gray v. Netherland,* 518 U.S. 152, 168, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). However, Rule 16 of the Federal Rules of Criminal Procedure and constitutional due process regarding exculpatory material allow criminal defendants limited access to information regarding the government's case.

The "confidential informant privilege" protects from disclosure a

confidential informant's identity. *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). "The government is granted this limited privilege as a right, and need not make a threshold showing of likely reprisal or retaliation against the informant in order to assert the privilege." *United States v. Valles,* 41 F.3d 355, 358 (7th Cir. 1994); *accord Dole v. Local 1942, Int'l Bhd. of Elec. Workers,* 870 F.2d 368, 372 (7th Cir. 1989). "While a defendant can overcome the confidential informant privilege by demonstrating a need for the information, he bears this burden in the face of an assumption that the privilege should apply." *Valles,* 41 F.3d at 358; *accord United States v. Bender,* 5 F.3d 267, 270 (7th Cir. 1993). "[T]he government may withhold the identity of a confidential informant in furtherance of the public interest in law enforcement unless the identity is relevant or helpful to the defense or essential to a fair determination of cause." *United States v. Banks,* 405 F.3d 559, 564 (7th Cir. 2005); *United States v. Jefferson,* 252 F.3d 937, 941 (7th Cir. 2001). If the defendant asserts such a need, the Court must balance "the public interest in obtaining information necessary to apprehend those who have committed crimes against the defendant's interest in a fair trial" to determine whether the Government must disclose the identity of an informant. *United States v. Andrus,* 775 F.2d 825, 841 (7th Cir. 1985); *accord Roviaro,* 353 U.S. at 62; *Jefferson,* 252 F.3d at 940–41; *Valles,* 41 F.3d at 358. In assessing the balance, the Court should consider "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro,* 353 U.S. at 62; *accord Valles,* 41

F.3d at 358.

Here, the Court finds that defendant has not carried his burden of showing that the identity of the confidential informants is important to ensure that he receives a fair trial or that his need for the identities outweighs the public's interest in obtaining information. Defendant has not made a showing of a defense and there has been no showing that the identity of the informants would be helpful to his defense.  Further, the government has provided to defendant reports regarding the informants that it was not required to produce.  Moreover, the Court finds that the government's interest in non-disclosure is substantial as it relates to the safety of the informants and their families.

Accordingly, the Court **DENIES** defendant's first motion for disclosure of confidential informants, informers and cooperating individuals (Doc. 43).  The Court **REMINDS** the parties that this case is set for jury trial May 6, 2013.

**IT IS SO ORDERED.**

Signed this 19th day of April, 2013.

David R. Herndon
2013.04.19
15:00:21
-05'00'

**Chief Judge**
**United States District Court**