IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:12-cr-30330-DWD |
| | ) |
| DEMARIO MALONE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter comes before the Court on Defendant Demario Malone's Motion for Early Termination of Supervised Release. (Doc. 272). On April 25, 2014, Malone was sentenced to 130 months of imprisonment and three (3) years of supervised release for conspiracy to distribute, and possess with intent to distribute, marijuana and possession of a firearm in furtherance of a drug trafficking crime. (Doc. 193). Malone began his term of supervised release on October 6, 2023. (Doc. 276).

After having served approximately twenty (20) months of his supervised release, Malone now asks the Court to reduce that term to time served under the authority of 18 U.S.C. § 3583(e)(1).[1] In support of his request, Malone states that he has remained arrest-free, maintained stable employment and housing since his release and complied with all the obligations of his supervision. (Doc. 272).

---

[1] Defendant's Motion cites 18 U.S.C. § 3564(c), the statute concerning early termination of probation. (Doc. 272). However, as stated in the Government's Response, the relevant statute concerning early termination of supervised release is 18 U.S.C. § 3583(e)(1). (Doc. 276).

The Government and United States Probation Office oppose the request for early termination. (Doc. 276). The Probation Office indicates that Malone has been non-compliant with the terms of his supervision on multiple occasions. The Probation Office states that on October 30, 2023, Malone possessed a firearm in his home and failed to comply with repeated instructions of the Probation Office to confirm whether the weapon was removed. (Doc. 276). The Government's Response also avers that on January 3, 2025, Malone failed to contact his probation officer upon his return to the district as instructed. (*Id.*). It also states that Malone has failed to submit monthly supervision reports seven (7) times. (*Id.*).

In his Reply to the Government's Response, Malone states that the firearm in question related to the October 30, 2023, incident belonged to the homeowner and that he never possessed or used the weapon. (Doc. 277). Malone states that his previous Probation Officer who was monitoring him at that time can attest to these circumstances. (*Id.*). He acknowledged the January 3, 2025, failure to contact his Probation Officer upon return to the district after travel. (*Id.*). He attributes this failure to a misunderstanding of the timing and method of contact, claiming he sent a text message in attempt to comply with his Probation Officer's instruction, but the Probation Office states that the text message was not received. (*Id.*, Doc. 276). He further acknowledges that he has not submitted his monthly supervision reports in a timely manner and states that "he accepts responsibility for these administrative oversights." (Doc. 277).

Section 3583(e)(1) provides in relevant part that "the court may, after considering the factors set forth in section 3553(a) … terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See also* Fed. R. Crim. Proc. 32.1(c)(2) (allowing for modification of supervised release without a hearing).

After considering the Defendant's motion and the Section 3553(a) factors, the Court finds that his conduct related to his failure to comply with the conditions of supervised release do not warrant early termination. While the Court is pleased that Defendant Malone has remained arrest-free and maintained gainful employment as an independent commercial truck driver, it is not convinced that termination of his supervised release is appropriate at this time in light Defendant's failure to comply. Accordingly, Defendant's Motion for Early Termination of Supervised Release (Doc. 272) is **DENIED** without prejudice.

    **SO ORDERED.**

Dated: July 28, 2025

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge